123 A.3d 1062

**COMMONWEALTH of Pennsylvania, Petitioner**

v.

**Latief YOUNG, Respondent.**

Supreme Court of Pennsylvania.

Oct. 14, 2015.

---

*ORDER*

PER CURIAM.

**AND NOW,** this 14th day of October, 2015, the Petition for Allowance of Appeal is **DENIED.**

Justice EAKIN files a Dissenting Statement in which Justice STEVENS joins.

Justice EAKIN, dissenting.

Respondent was convicted of aggravated indecent assault of a child, a violation of 18 Pa.C.S. § 3125(b). Such a conviction triggers a mandatory minimum sentence under 42 Pa.C.S. § 9718(a)(3), but unlike many statutes, application thereof does not depend on proof of any additional facts. All elements pertinent to the mandatory sentence conviction are proven beyond a reasonable doubt by virtue of the conviction. *See id.* Therefore, the Superior Court's decision affirming the unconstitutionality of § 9718(a)(3) cannot be based on *Commonwealth v. Hopkins,* 632 Pa. 36, 117 A.3d 247 (2015), which deals with statutes requiring proof of additional facts. Summary affirmance of that finding is, in my judgment, improper.

The result of our denying review is to approve stamping the statute unconstitutional—such becomes the law of the case and the statute. Yet, if it is not unconstitutional, how does this particular statute's constitutionality ever reach us again? And, what is the trial court to do in this case?

I would therefore not deny review, but would hold disposition pending resolution of *Commonwealth v. Wolfe,* 68 MAP 2015, a case that, unlike *Hopkins,* at least deals with a similar statute, 42 Pa.C.S. § 9718(a)(1). I recognize the Commonwealth's appeal to the Superior Court was amalgamated with *Hopkins*-related cases, and thus, was not distinguished from *Hopkins*—however, to allow an incorrect finding of unconstitutionality to stand is inappropriate. I therefore dissent.

Justice STEVENS joins dissent.